J-S50028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT KERNS | |
| Appellant | No. 131 MDA 2016 |

Appeal from the PCRA Order Entered December 28, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0000371-2001

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 22, 2016**

Appellant, Scott Kerns, appeals *pro se* from the December 28, 2015 order dismissing his thirteenth[1] petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

On November 7, 2000, the Commonwealth charged Appellant with Involuntary Deviate Sexual Intercourse[2] ("IDSI") and other offenses arising from Appellant's abuse of the minor daughter of Appellant's wife. On May

---

[*] Former Justice specially assigned to the Superior Court.

[1] This number includes PCRA petitions and other petitions, bearing various titles, which the trial court treated as PCRA petitions. Appellant also has sought *habeas corpus* and other relief in federal court.

[2] 18 Pa.C.S.A. § 3123.

14, 2001, Appellant pled guilty to one count of IDSI. On January 18, 2002, the trial court sentenced Appellant to 7½ to 20 years of incarceration. This Court affirmed the judgment of sentence on December 13, 2003. Appellant filed his timely first PCRA petition on February 14, 2004. The PCRA court dismissed that petition on June 8, 2004. This Court affirmed the PCRA court's order on March 4, 2005. Subsequently, Appellant filed serial petitions in state and federal court. Appellant filed the instant petition, his thirteenth, on September 24, 2015.

The PCRA's jurisdictional timeliness provision states that a petitioner must file a petition within one year of the date on which his judgment of sentence becomes final, or plead and prove the applicability of one of the three statutory exceptions to the one-year time bar. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Failure to do so deprives the PCRA court of jurisdiction to entertain the petition. **Id.**

Appellant's thirteenth PCRA petition is facially untimely. He argues that that his petition is timely in light of the new constitutional rule announced in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). In **Alleyne** the Supreme Court held that any fact other than a prior conviction requiring imposition of a mandatory minimum sentence must be found beyond a reasonable doubt by the trier of fact. **Id.** at 2155. Section 9545(b)(1)(iii) permits an otherwise untimely petition where the petition is

based on a constitutional right recognized by the United States or Pennsylvania Supreme Courts. 42 Pa.C.S.A. § 9545(b)(1)(iii). Section 9545(2) requires that any petition qualifying for an exception under § 9545(b)(1) must be filed within 60 days of the first date on which the claim could have been raised. 42 Pa.C.S.A. § 9545(b)(2). Appellant cannot file a timely petition under *Alleyne* because his petition post-dates *Alleyne* by more than two years.

Appellant also cites *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) because he believes the Supreme Court's retroactivity analysis in that case renders *Alleyne* retroactive. To date, the Courts of this Commonwealth considering the issue have held that *Alleyne* does not apply retroactively. *See Commonwealth v. Miller*, 102 A.3d 988, 994-95 (Pa. Super. 2014) (concluding that *Alleyne* issues do not trigger § 9545(b)(1)(iii)).

Furthermore, we need not address Appellant's retroactivity argument under *Montgomery*, because Appellant did not receive a five-year mandatory minimum sentence.[3] As noted above, Appellant received a 7½ year minimum sentence. He argues that his sentence is illegal because the facts that prompted the trial court to sentence him above the guideline

---

[3] Under § 9718 of the judiciary code, certain IDSI convictions carry a five-year mandatory minimum sentence. 42 Pa.C.S.A. § 9718. That section is unconstitutional under *Alleyne*. *Commonwealth v. Wolfe*, ___ A.3d ___ 2016 WL 3388530 (Pa. 2016).

range were not submitted to a jury and found beyond a reasonable doubt. Appellant's *Pro Se* Brief at 5, 9. The trial court's exercise of its sentencing discretion does not implicate **Alleyne**. Appellant's argument is unavailing even if—contrary to existing precedent—we apply **Alleyne** retroactively. We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016